UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TABITHA PEYTON,

 Plaintiff,

  v.

KILOLO KIJAKAZI,
Acting Commissioner of the Social Security Administration,

 Defendant.

Civil Action No. 17-1803-JDB

# ORDER

 Before this Court is a Report and Recommendation from Magistrate Judge Zia M. Faruqui, dated February 28, 2021, recommending that this Court grant plaintiff's motion for attorneys' fees in part and award a sum of $10,098.30.  The Court agrees with this outcome and will adopt this Report and Recommendation in full.

 In adopting Judge Faruqui's Report and Recommendation, the Court understands his recommendation to be based on an individualized analysis of the facts of this case and the specifics of the fee request at issue.  The Court does not understand Judge Faruqui to have applied a presumption of unreasonableness for requests outside of a "guideline range" of twenty to forty hours in "routine" cases.  This Court will not adopt such a presumption here.  A default rule setting a presumptive upper limit on fees for "routine" Social Security cases may be inconsistent with the individualized consideration required in assessing motions for attorneys' fees under the Equal Access to Justice Act.  See Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam) ("[I]t is . . . an abuse of discretion to apply a de facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases. . . . While district

courts may consider [a guideline range] in determining the reasonableness of a specific fee request, courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind."); see also Brooks v. Berryhill, Civ. A. No. 15-cv-436 (CKK/GMH), 2017 WL 10716887, at *12 (D.D.C. Oct. 26, 2017) (rejecting notion that a social security claimant bears "the burden of showing that his or her case should be treated as 'above average,' and therefore eligible for compensation higher than the average for past fee awards"), adopted by District Court, 2019 WL 120767 (D.D.C. Jan. 7, 2019).

The Court does not understand Judge Faruqui's Report and Recommendation to have applied or endorsed such a default rule, and it adopts his recommendation in full based on his well-reasoned assessment of the facts of this case. Accordingly, upon consideration of [29] the Report and Recommendation from Magistrate Judge Faruqui, the absence of any objections thereto, and the entire record herein, it is hereby

**ORDERED** that the Report and Recommendation is **ADOPTED** in full; it is further

**ORDERED** that [26] plaintiff's Motion for Attorney Fees is **GRANTED IN PART** and **DENIED IN PART**; it is further

**ORDERED** that plaintiff be awarded a total of $10,098.30 in attorneys' fees; and it is further

**ORDERED** that judgment be entered accordingly.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: August 24, 2021